**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHIONOGI & CO., LTD. and SHIONOGI INC., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No.: 15-cv-478 |
| AUROBINDO PHARMA LTD., and AUROBINDO PHARMA U.S.A., INC., | ) ) ) | |
| Defendants. | ) ) ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs, Shionogi & Co., Ltd. and Shionogi Inc. (collectively, "Plaintiffs" or "Shionogi"), for their Complaint against Defendants Aurobindo Pharma Ltd. and Aurobindo Pharma U.S.A., Inc. (collectively, "Aurobindo"), allege as follows:

**Nature of the Action**

1.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 et seq., and in particular under 35 U.S.C. § 271(e), and the Declaratory Judgment Act, 28 U.S.C., §§ 2201-02.  This action relates to Abbreviated New Drug Application ("ANDA") No. 207666 filed with the United States Food and Drug Administration ("FDA") for approval to market generic copies of Shionogi's DORIBAX® pharmaceutical products that are sold in the United States.

2.      United States Patent No. 8,247,402 ("the '402 patent"), entitled "Crystal Form of Pyrrolidylthiocarbapenem Derivative," was duly and legally issued by the United States Patent and Trademark Office on August 21, 2012.  Shionogi holds all substantial rights in the '402 patent and has the right to sue for infringement thereof.  The claims of the '402 patent encompass

1765137

the active ingredient in Doribax® (doripenem), its administration, and use. A true and correct copy of the '402 patent is attached as Exhibit A.

## Parties

3.      Plaintiff Shionogi & Co., Ltd., also known as Shionogi Seiyaku Kabushiki Kaisha, is a corporation organized and existing under the laws of Japan, with a principle place of business at 1-8, Doshomachi 3-chome, Chuo Ku, Osaka, 541-0045, Japan.

4.      Plaintiff Shionogi, Inc., a wholly-owned subsidiary of Plaintiff Shionogi & Co., Ltd., is a corporation organized and existing under the laws of the State of Delaware, with a principle place of business at 300 Campus Drive, Florham Park, New Jersey 07932.

5.      On information and belief, Aurobindo Pharma Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at Plot #2, Maitri Vihar, Ameerpet, Hyderabad—500 038, Andhra Pradesh, India.

6.      On information and belief, Aurobindo Pharma USA, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 6 Wheeling Road, Dayton, New Jersey 08810.  On information and belief, Aurobindo Pharma USA is a wholly-owned subsidiary and agent of Aurobindo Pharma Ltd.

## Background

7.      Shionogi is a pharmaceutical company that develops and commercializes innovative pharmaceutical products to address unmet clinical needs.

8.      DORIBAX® (doripenem for injection) is a prescription drug used as an antibacterial agent.  The DORIBAX® product label provides information regarding the administration and use of DORIBAX®.

9.      Shionogi, among other things, manufactures, markets, promotes, educates the public and physicians about, and conducts research and development on existing and new indications for DORIBAX®.  Shionogi financially benefits from sales of DORIBAX® in the United States, including sales in the Northern District of Illinois.

10.     Shionogi Inc. is the holder of New Drug Application ("NDA") No. 022106, by which the FDA granted approval for the marketing and sale of doripenem for injection, 250 mg/vial & 500 mg/vial, marketed under the trade name DORIBAX®.

### Jurisdiction and Venue

11.     Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a) and declaratory judgment jurisdiction under 28 U.S.C. §§ 2201 and 2202.

12.     Aurobindo Pharma Ltd. is subject to personal jurisdiction in this judicial district. Upon information and belief, Aurobindo Pharma Ltd. has purposefully availed itself of the rights and benefits of the law of this judicial district by engaging in systematic and continuous contacts with this judicial district.  Aurobindo Pharma Ltd. purposefully availed itself of this judicial district by designating Sailesh K. Patel of Schiff Hardin LLP, 233 S. Wacker Drive, Suite 6600 Chicago, IL 60606, as its agent to accept service of process related to its ANDA submission. Upon information and belief, Aurobindo Pharma Ltd. regularly and continuously transacts business within this judicial district, including by selling generic pharmaceutical products in this judicial district, either on its own or through its wholly-owned subsidiary and agent, Aurobindo Pharma USA. Upon information and belief, Aurobindo Pharma Ltd. derives substantial revenue from the sale of generic pharmaceutical products in the State of Illinois, including the Northern District of Illinois, and has availed itself of the privilege of conducting business within this judicial district.

13.     Aurobindo Pharma USA is subject to personal jurisdiction in this judicial district. Upon information and belief, Aurobindo Pharma USA actively participated in preparation and submission of ANDA No. 207666 ("the Aurobindo ANDA"), and will benefit directly and indirectly from the Aurobindo ANDA by selling generic copies of Shionogi's DORIBAX® pharmaceutical products in the United States, including this judicial district, upon approval of the Aurobindo ANDA.  Upon information and belief, Aurobindo Pharma USA regularly transacts business in a substantial, continuous, and systematic way within the state of Illinois and the Northern District of Illinois.  Upon information and belief, Aurobindo Pharma USA is registered with the state of Illinois as a drug wholesaler under License Number 304007093.  Upon information and belief, Aurobindo Pharma USA markets and distributes generic pharmaceutical products manufactured by Aurobindo Pharma Ltd. throughout the United States, including the Northern District of Illinois.  Upon information and belief, Aurobindo Pharma USA derives substantial revenue from the sale of generic pharmaceutical products in the State of Illinois, including the Northern District of Illinois, and has availed itself of the privilege of conducting business within this judicial district.

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## Count I

## Direct Infringement of United States Patent No. 8,247,402

15.     Plaintiffs incorporate by reference all paragraphs of this Complaint as if fully set forth herein.

16.     Shionogi listed the '402 patent with the FDA for publication in the "Orange Book" pursuant to 21 U.S.C. § 355(b)(1), and the FDA published that listing on the FDA's Internet Website.

17.     Upon information and belief, on or before December 4, 2014, Aurobindo submitted ANDA No. 207666 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture, use, offer for sale, and sale of a generic version of doripenem for injection.

18.     Upon information and belief, Aurobindo's generic doripenem for injection products will contain a copy of the active ingredient in Doribax®.  That active ingredient is covered by the '402 patent.  Upon information and belief, Aurobindo's generic doripenem for injection products will be sold with a product label that will contain substantially the same instructions for administration and use as the Doribax® product label.  The administration and use of doripenem is covered by the '402 patent.

19.     Upon information and belief, the Aurobindo ANDA was submitted to the FDA in the name of Aurobindo Pharma Ltd.

20.     On or about December 5, 2014, Shionogi received a letter dated December 4, 2014 ("notice letter"), stating that Aurobindo Pharma Ltd. had submitted the Aurobindo ANDA and that Aurobindo Pharma Ltd. was seeking approval to engage in the commercial manufacture, use, offer for sale, and sale of a generic version of doripenem for injection before expiration of the '402 patent and thereby infringing the '402 patent.

21.     Aurobindo's ANDA notice letter states that the Aurobindo ANDA certifies, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that the claims of the '402 patent are invalid, unenforceable, and/or not infringed ("paragraph IV certification"), thereby seeking approval to

market and sell generic doripenem for injection in the United States, including this judicial district, before expiration of the '402 patent.

22.     Under 35 U.S.C. § 271(e)(2)(A), Aurobindo's submission of the Aurobindo ANDA including a paragraph IV certification constitutes infringement of one or more claims of the '402 patent, either literally or under the doctrine of equivalents.

23.     Aurobindo had actual and constructive notice of the '402 patent prior to submitting the Aurobindo ANDA and sending the notice letter and knowingly infringed the '402 patent.  On information and belief, Aurobindo Pharma Ltd. submitted the Aurobindo ANDA to the FDA despite an objectively high likelihood that its submission constituted infringement of a valid patent, and this risk was either known to Aurobindo or so obvious that it should have been known.

24.     Shionogi will be irreparably harmed if the FDA's approval of the Aurobindo ANDA is not enjoined and if Aurobindo is not enjoined from infringing the '402 patent. Shionogi does not have an adequate remedy at law.

## Count 2

## Indirect Infringement of United States Patent No. 8,247,402

25.     Plaintiffs incorporate by reference all paragraphs of this Complaint as if fully set forth herein.

26.     Upon information and belief, if approved by the FDA, use of Aurobindo's doripenem for injection products will constitute direct infringement of one or more claims of the '402 patent, either literally or under the doctrine of equivalents. Through its product label, marketing materials, and other instructions provided to patients, hospitals, and practitioners,

Aurobindo will actively induce, encourage, aid, and abet that conduct, with specific intent that the conduct will be in contravention of the Plaintiffs' rights under the '402 patent.

27. Shionogi will be irreparably harmed if the FDA's approval of the Aurobindo ANDA is not enjoined and if Aurobindo is not enjoined from actively inducing or contributing to infringement of the '402 patent. Shionogi does not have an adequate remedy at law.

## Count 3

## Declaratory Judgment of Infringement of United States Patent No. 8,247,402

28. Plaintiffs incorporate by reference all paragraphs of this Complaint as if fully set forth herein.

29. There is an actual and continuing controversy between Shionogi and Aurobindo as to Aurobindo's infringement of the '402 patent. Aurobindo is seeking FDA approval to sell a generic version of doripenem for injection prior to the expiration of the '402 patent.

30. Upon information and belief, Aurobindo has made substantial preparations to commercially manufacture, import into, market, offer for sale, and sell in the United States generic doripenem for injection and intends to commence the commercial manufacture, importation into, marketing, offering for sale, and sale in the United States of generic doripenem for injection immediately upon approval of the Aurobindo ANDA by the FDA with its associated product label.

31. Upon information and belief, Aurobindo's doripenem for injection is not a staple article or commodity of commerce suitable for substantial noninfringing use, because Aurobindo's doripenem will only be approved for uses described in its product label. For the same reasons, Aurobindo's doripenem for injection is especially adapted for infringing uses when combined with pharmaceutically acceptable ingredients such as saline during

administration in accordance with the product label.  Thus, if approved by the FDA, Aurobindo's

generic doripenem for injection will be prescribed and administered in the same or substantially

similar manner as directed by the DORIBAX® (doripenem for injection) product label, which

uses will constitute infringement of the '402 patent either literally or under the doctrine of

equivalents. Aurobindo's notice of paragraph IV certification demonstrates Aurobindo's

knowledge of the '402 patent and its claims. Thus, upon information and belief, these uses will

occur with Aurobindo's specific intent and encouragement, and will be uses that Aurobindo will

actively induce, encourage, aid, and abet and uses that Aurobindo knows or should know will

occur in contravention of Plaintiffs' rights in the '402 patent as a consequence of, at least, the

product labeling associated with Aurobindo's generic doripenem for injection.

      32.     Upon information and belief, the commercial manufacture, use, sale, or offer for

sale in the United States, or the importation into the United States, of the Aurobindo doripenem

for injection products during the term of the '402 patent will infringe one or more claims of the

'402 patent under 35 U.S.C. § 271(a), (b), (c) and/or (g), either literally or under the doctrine of

equivalents.

      33.     Shionogi will be irreparably harmed if the FDA's approval of the Aurobindo

ANDA is not enjoined and if Aurobindo is not enjoined from actively inducing or contributing to

infringement of the '402 patent.  Shionogi does not have an adequate remedy at law.

## PRAYER FOR RELIEF

      WHEREFORE, Shionogi respectfully requests that this Court enter judgment in its favor

as follows:

      (1)     holding that the claims of the '402 patent are valid and enforceable;

(2)     holding that the submission of ANDA No. 207666 by Aurobindo infringes one or more claims of the '402 patent;

(3)     declaring that, if the FDA approves ANDA No. 207666, Aurobindo will infringe or induce or contribute to the infringement of one or more claims of the '402 patent;

(5)     ordering, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of the Aurobindo doripenem for injection products shall be no earlier than the expiration date of the '402 patent;

(6)     enjoining Aurobindo, and all persons acting in concert with it, from importing, using, or commercially offering for sale or selling the Aurobindo doripenem for injection products within the United States prior to the expiration of the '402 patent;

(7)     declaring this to be an exceptional case and awarding Shionogi its attorney fees under 35 U.S.C. § 285;

(8)     awarding Shionogi its costs and expenses in this action; and

(9)     awarding Shionogi any further and additional relief as this Court deems just and proper.


Dated:  January 16, 2015                              Respectfully submitted,

                                                      **SHIONOGI & CO., LTD. and
                                                      SHIONOGI INC.,**

                                              By:     /s/ Lynn H. Murray_____
                                                      One of Their Attorneys

Lynn H. Murray
Justin R. Donoho
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 704-7700
Facsimile:  (312) 558-1195


1765137                                    9

*Of Counsel:*

Charles E. Lipsey
York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
Two Freedom Square
11955 Freedom Drive
Reston, VA  20190
Telephone: (571) 203-2700
Facsimile: (202) 408-4400

John D. Livingstone
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
303 Peachtree St. NE
Suite 3500
Atlanta, GA  30308
Telephone: (404) 653-6400
Facsimile: (404) 653-6444